UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 20-CIV-62693-RAR

**JACQUELINE DEMERITTE**, *et al.*,
*individually and on behalf of others similarly situated*,

    Plaintiffs,

v.

**GLOBAL RESPONSE, LLC**,

    Defendant.
_____/

### ORDER ON MOTION FOR JUDGMENT

**THIS CAUSE** is before the Court upon the parties' Joint Stipulation for Entry of Final Judgment [ECF No. 31], which the Court construes as a motion for entry of judgment, filed on March 9, 2021 ("Motion"). The Court has considered the Motion, the pertinent portions of the record, and is otherwise fully advised.

On December 30, 2020, Plaintiffs brought this action—individually and on behalf of similarly situated persons—alleging violations of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 *et seq.*, breach of contract, and unjust enrichment. Federal Rule of Civil Procedure 68 provides that, at least 14 days before the date set for trial, a party defending against any claim may serve on an opposing party an offer to allow judgment on specified terms, with the costs then accrued; if within 14 days thereafter, the opposing party serves written notice accepting the offer, either party may then file the offer and notice of acceptance, plus proof of service. The clerk must then enter judgment.

"While entry of a Rule 68 judgment is ordinarily 'ministerial rather than discretionary,' ... 'this general statement is too broad to encompass all instances in which Rule 68 offers are made.'" *Rodriguez v. Niagara Cleaning Servs., Inc.*, No. 09-22645-CIV, 2011 WL 13173812, at *1 (S.D.

Fla. Jan. 11, 2011) (quoting *Utility Automation 2000, Inc. v. Choctawhatchee Elec. Co-Op., Inc.*, 298 F.3d 1238, 1250 (Marcus, J., concurring)). In suits brought by employees for violations of the FLSA, the Court has "an independent duty to review the terms of a settlement offer" and "Rule 68's operation does not relieve the Court of that duty." *Id.* The district court must therefore scrutinize the proposed resolution of the FLSA claim for fairness as required under *Lynn's Food Stores v. United States of America*, 679 F.2d 1350, 1353 (11th Cir. 1982). *Id.*

In this case, Defendant served the two named Plaintiffs with offers of judgment in the amounts of $800.00 and $1,600.00, which both Plaintiffs accepted. *See* Mot. ¶¶ 2-3. A breakdown of the amounts Plaintiffs claimed in their statement of claim, the amounts of liquidated damages provided under the FLSA, and the amounts offered by Defendant are as follows:

| Plaintiff | Wages | + | Liquidated Damages | = | Total Claim | Accepted Offer of Judgment |
|---|---|---|---|---|---|---|
| Jacqueline Demeritte | $363.00 | | $363.00 | | $726.00 | $800.00 |
| Tamisha LaFalaise | $726.00 | | $726.00 | | $1,452.00 | $1,600.00 |

*Id.* ¶ 4. The parties also stipulated to an award of attorneys' fees and costs for Plaintiffs' counsel in the amount of $25,000.00 to be paid to Plaintiffs' counsel within fourteen (14) days of the entry of final judgment. *Id.* ¶ 5.

Defendant's offers of judgment include the full amounts each Plaintiff claims as unpaid wages, plus an equal amount in liquidated damages, as well as reasonable attorneys' fees and costs. The Court finds that these offers of judgment constitute fair and reasonable resolutions of the bona fide disputes between these parties over FLSA provisions. *See Lynn's Food Stores*, 679 F.2d at 1354. Accordingly, it is hereby

**ORDERED AND ADJUDGED** that the Motion [ECF No. 31] is **GRANTED**. The Court will separately enter its Final Judgment in accordance with this Order.

**DONE AND ORDERED** in Fort Lauderdale, Florida this 22nd day of March, 2021.

_____
**RODOLFO A. RUIZ II**
**UNITED STATES DISTRICT JUDGE**